IN THE UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Case No. 0:22-cv-01962
⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
ADOLPH ZINDA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

## COMPLAINT

The United States of America, for its complaint against defendant Adolph Zinda, alleges

the following:

1.⠀⠀⠀⠀This is a civil action brought by the United States under 26 U.S.C. § 7402 to:

⠀⠀⠀⠀a.⠀⠀⠀⠀reduce to judgment federal income tax, interest and penalty assessments made

⠀⠀against Adolph Zinda for tax years 2010 and 2011; and

⠀⠀⠀⠀b.⠀⠀⠀⠀reduce to judgment 26 U.S.C. § 6702 civil penalty assessments made against

⠀⠀Adolph Zinda for tax years 1999 and 2003.

2.⠀⠀⠀⠀This action has been requested and authorized by the Chief Counsel of the Internal

Revenue Service and is brought at the direction of a delegate of the Attorney General of the

United States pursuant to 26 U.S.C. § 7401.

## Jurisdiction and Venue

3.⠀⠀⠀⠀This Court has jurisdiction over this case pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C.

§§ 1340 and 1345.

1

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 because Adolph

Zinda resides within this judicial district, and his tax and civil penalty liabilities accrued within

this judicial district.

**Parties**

5.      Plaintiff is the United States of America.

6.      The defendant is Adolph Zinda.  Adolph Zinda resides within Dakota County, Minnesota,

and is subject to the jurisdiction of this Court.

**Count I: Reduce to Judgment Federal Income Tax and Penalty Assessments
against Adolph Zinda**

7.      The United States incorporates by reference the allegations in paragraphs 1 through 6,

above, as if fully set forth herein.

8.      Adolph Zinda failed to file federal income tax returns for tax years 2010 and 2011 despite

having sufficient income requiring him to do so.

9.      Accordingly, on the dates, for the tax years, and in the amounts set forth below, a

delegate of the Secretary of the Treasury made assessments against Adolph Zinda for federal

income taxes, interest and penalties:

| Tax Year | Date of Assessment | Tax Assessed | Interest Assessed | Penalties Assessed |
|---|---|---|---|---|
| 2010 | 03/24/2014 | $1,588.00 | $189.14 | $563.74 |
| 2011 | 02/23/2015 | $36,139.00 | $3,963.51 | $13,544.84 |

10.     The IRS gave Adolph Zinda notices of assessment and made demands for payment on or

about the date of each assessment listed in paragraph 9, above.

11.     Despite the notices and demands for payment, Adolph Zinda failed to pay his outstanding

2010 and 2011 federal income tax liabilities in full.

12.     As of August 5, 2022, the unpaid balance of the assessments referred to in paragraph 9, above (including accrued interest, statutory additions, and any credits, abatements or payments), totals $75,498.20.

13.     By reason of the foregoing, Adolph Zinda is indebted to the United States in the total amount of $75,498.20, as of August 5, 2022, for his unpaid federal income tax liabilities for the 2010 and 2011 tax years.  Statutory additions, including interest, have accrued and will continue to accrue on the amounts owed to the United States until the balance is paid in full.

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count I of this complaint in favor of the United States and against Adolph Zinda in the amount of $75,498.20, plus statutory additions that have accrued and will continue to accrue since August 5, 2022, together with such other relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

### Count II: Reduce to Judgment 26 U.S.C. § 6702 Civil Penalty Assessments against Adolph Zinda

14.     The United States incorporates by reference the allegations in paragraphs 1 through 6, above, as if set forth herein.

15.     On the dates and for the tax years set forth below, Adolph Zinda filed frivolous tax returns with the IRS.

| Tax Year | Frivolous Return Filing Date |
|---:|---:|
| 1999 | 02/28/2012 |
| | 08/09/2012 |
| 2003 | 05/18/2012 |
| | 11/26/2012 |

3

16.     Specifically, on each frivolous return referred to in paragraph 15, above, Adolph Zinda claimed entitlement to a federal income tax refund on the bases that he "has never had a contract with the [Bureau of Alcohol, Tobacco and Firearms]" nor has he "been granted a privilege from" the Bureau.

17.     The positions described in paragraph 16, above, are frivolous and are listed as such in IRS Notice 2010-33(1)(g) and (i)(8) (identifying as frivolous arguments that "[o]nly persons who have contracted with the government by applying for a governmental privilege or benefit . . . are subject to tax[,]" and "[o]nly certain types of income are taxable, for example, income that results from the sale of alcohol, tobacco, or firearms . . . ."). That Notice was issued under 26 U.S.C. § 6702(c).

18.     A taxpayer who files a frivolous tax return is liable to pay a penalty for each instance of such conduct. *See* 26 U.S.C. § 6702(a). The amount of the penalty referred to in this paragraph is equal to $5,000.00 per frivolous return filed. *Id*.

19.     Accordingly, on the dates, for the tax years, and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments against Adolph Zinda for frivolous return penalties pursuant to 26 U.S.C. § 6702(a).

| Tax Year | Date of Assessment | Penalties Assessed |
|---------:|:------------------:|-------------------:|
| 1999 | 08/06/2012 | $5,000.00 |
|  | 02/11/2013 | $5,000.00 |
| 2003 | 02/11/2013 | $5,000.00 |
|  | 04/01/2013 | $5,000.00 |

20.     The assessments referred to in paragraph 19, above, were made in accordance with law.

21.    The IRS gave Adolph Zinda notices of the assessments referred to in paragraph 19, above, and made demands for payment on or about the date of each assessment.

22.    Despite the notices and demands for payment, Adolph Zinda failed to pay his outstanding civil penalty liabilities in full.

23.    As of August 5, 2022, the unpaid balance of the assessments referred to in paragraph 19, above (including accrued interest, statutory additions, and any abatements, credits or payments), totals $29,876.10.

24.    By reason of the foregoing, Adolph Zinda is indebted to the United States in the total amount of $29,876.10, as of August 5, 2022, for his unpaid 26 U.S.C. § 6702(a) civil penalty liabilities for tax years 1999 and 2003.  Statutory additions, including interest, have accrued and will continue to accrue on the amounts owed to the United States until the balance is paid in full.

        WHEREFORE, the United States respectfully requests that the Court enter judgment on Count II of this complaint in favor of the United States and against Adolph Zinda in the amount of $29,876.10, plus statutory additions that have accrued and will continue to accrue since August 5, 2022, together with such other relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

//

//

//

//

//

//

//

Date: August 5, 2022

ANDREW M. LUGER
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Christopher F. Suenram*
CHRISTOPHER F. SUENRAM
Missouri Bar No. 66902
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
(202) 307-1927 (v)
(202) 514-6770 (f)
William.Chang3@usdoj.gov